## Case No. 2,088.

BUCKINGHAM v. BURGESS et al.

[3 McLean, 368.][1]

Circuit Court, D. Indiana. May Term, 1844.

SECURITY FOR COSTS—VALIDITY OF BOND—DEPOSITIONS—WHEN MAY BE TAKEN—FORM.

1. A bond binding an individual, as security for the plaintiff, to pay the costs in a suit named, is good, without naming any individual to whom the payment shall be made; the obligation is to pay the costs to whomsoever may be entitled to them.

2. Should the defendant recover the costs, he could bring the suit in his own name against the security.

3. Depositions may be taken under the act of congress after the expiration of a rule to take them.

4. The caption in the deposition naming the suit should be correct. But where, from the facts, there can be no uncertainty as to the case, the deposition should be admitted.

[At law. Action by Mark Buckingham against Richard Burgess and McConahan for work and labor. A motion was made on behalf of defendants to dismiss the action, because of an insufficient bond as security for costs. Denied.]

Mr. Smith, for plaintiff.
Mr. Newman, for defendants.

[NOTE. For trial of the action herein, see Case No. 2,087; and, for trial of a similar action, see Id. 2,089.]

## Case No. 2,089.

BUCKINGHAM v. BURGESS et al.

[3 McLean, 549.][1]

Circuit Court, D. Indiana. May Term, 1845.

EVIDENCE—ADMISSION OF CO-DEFENDANT—PARTNERSHIP—ESTOPPEL TO DENY.

1. The admission of one defendant does not go to charge his co-defendant.
[See Champlin v. Tilley, Case No. 2,586. Contra, Howard v. Cobb, Id. 6,755; Corps v. Robinson, Id. 3.252; Garrett v. Woodward, Id. 5,253; Weed v. Kellogg, Id. 17,-345; Thomas v. Wolcott, Id. 13,915.]

2. Where an individual represents himself as a partner in a certain firm, or permits others to do so, he is responsible as a partner. And this is the case, although he may not, in fact, have had any interest in the firm.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

[At law. Action for work and labor by Mark Buckingham against Richard Burgess and M'Canaha. Verdict for plaintiff.

[For another case apparently between the same parties, and for the same cause of action, see Case No. 2,087, and, for motion to dismiss such action for insufficient security for costs, see Id. 2,088.]

O. H. Smith, for plaintiff.
Mr. Newman, for defendants.

OPINION OF THE COURT. This action is brought for work and labor in cutting and packing pork, amounting to eleven hundred dollars. In their defence, the defendants set up that plaintiff was in partnership with John Mahard & Brothers, who purchased the pork, became bankrupts, and never paid for it. It was proved that Mahard & Brother were in partnership in Cincinnati, and also in New Orleans, and that the plaintiff in 1841, did his business in the pork house of the Mahards in Cincinnati. That after the pork was cut and packed, it was consigned to the house of the Mahards in New Orleans, which sold the pork. The house of the Mahards at Cincinnati were proved to have been in partnership with the plaintiff prior to this transaction, but there was no evidence to show that that partnership had been wound up in 1839–'40. But there was some evidence conducing to show that the plaintiff held himself out as the partner of the Mahards in 1841. The account on which the action is brought, was made out by the clerk of the plaintiff, and handed to Burgess, one of the defendants, who acknowledged it was correct. The court instructed the jury, that the admissions of Burgess did not bind his co-defendant, M'Canaha. Also, that if the plaintiff, or others in his presence and hearing, represented him to have been, at the time of the pork transaction, in partnership with the Mahards, and the defendants were present, and were on that ground induced to employ the plaintiff, they should find for the defendants; and, also, that under the statute of Indiana, they should find against the plaintiff the sum due on the partnership account. That where an individual permits himself to be represented as a partner of a firm, and thereby gives credit to the firm, he is justly held responsible, although in fact he may have no interest in the partnership.

The jury found for the plaintiff the damages claimed.